1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10   ANN MARIE GIVENS,

11                    Plaintiff,

12          v.

13   CAROLYN W. COLVIN, Acting
     Commissioner of Social Security

14                    Defendant.

15

CASE NO. 3:15-CV-05199-DWC

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

16

17          Plaintiff has filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of

Defendant's denial of her application for disability insurance benefits. Pursuant to 28 U.S.C. §

18   636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to

19   have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 5.

20          After reviewing the record, the Court concludes the ALJ erred when she failed to base her

21   Step Two findings regarding Plaintiff's mental impairments and back and knee impairments on

22   substantial evidence. The ALJ failed to properly consider these severe impairments when

23   determining Plaintiff's residual functional capacity and therefore the errors at Step Two were

24

1    harmful. Accordingly, this matter is reversed and remanded pursuant to sentence four of 42

2    U.S.C. § 405(g) to the Acting Commissioner for further proceedings consistent with this Order.

3                             FACTUAL AND PROCEDURAL HISTORY

4           On January 26, 2012, Plaintiff filed an application for disability insurance benefits,

5    alleging disability as of September 20, 2011. *See* Dkt. 8, Administrative Record ("AR") 17. The

6    application was denied upon initial administrative review and on reconsideration. *See id.* A

7    hearing was held before Administrative Law Judge ("ALJ") Ruperta M. Alexis on June 19, 2013.

8    *See* AR 32-79. In a decision dated August 30, 2013, the ALJ determined Plaintiff to be not

9    disabled. *See* AR 17-25. Plaintiff's request for review of the ALJ's decision was denied by the

10   Appeals Council, making the ALJ's decision the final decision of the Commissioner of Social

11   Security ("Commissioner"). *See* AR 1-6; 20 C.F.R. § 404.981, § 416.1481.

12          Plaintiff maintains the ALJ erred by:  (1) failing to find Plaintiff's mental impairments

13   and back and knee impairments "severe" at Step Two; (2) failing to provide clear and convincing

14   reasons to reject Plaintiff's credibility; and (3) failing to consider the evidence and Plaintiff's

15   limitations when assessing Plaintiff's residual functional capacity and ability to perform past

16   relevant work. Dkt. 13, p. 1.

17                                  STANDARD OF REVIEW

18          Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

19   social security benefits if the ALJ's findings are based on legal error or not supported by

20   substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

21   Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

22

23

24

<u>DISCUSSION</u>

**(1) Whether the ALJ erred by finding Plaintiff's mental impairments and back and knee impairments to be "non-severe" at Step Two.**

Plaintiff asserts the ALJ erred in failing to find Plaintiff's mental impairments, degenerative disc disease, and bilateral knee osteoarthritis to be severe impairments at Step Two. Dkt. 13, pp. 4-8. Step Two of the administration's evaluation process requires the ALJ to determine whether the claimant "has a medically severe impairment or combination of impairments." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citation omitted); 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii) (1996). An impairment is "not severe" if it does not "significantly limit" the ability to conduct basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). "Basic work activities are 'abilities and aptitudes necessary to do most jobs, including, for example, walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling.'" *Smolen*, 80 F.3d at 1290 (*quoting* 20 C.F.R. §140.1521(b)). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality having 'no more than a minimal effect on an individual[']s ability to work.'" *Id.* (*quoting Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) (*adopting* Social Security Ruling "SSR" 85-28)).

    *a.  Mental Impairments*

At Step Two, the ALJ determined Plaintiff had mild limitations in the functional areas of activities of daily living, social functioning, and concentration, persistence or pace, and Plaintiff had no episodes of decompensation. AR 20. She found Plaintiff's depression and cognitive disorder (mild) did not cause more than minimal limitations in Plaintiff's "ability to perform basic mental work activities and were therefore non-severe." *Id.* However, the ALJ failed to discuss medical evidence showing Plaintiff's depression and cognitive disorder caused functional

limitations. *See id.* Defendant asserts the evidence does not show Plaintiff's mental impairments were present during the alleged period of disability, September 20, 2011 through September 30, 2011. Dkt. 21, pp. 4-6.

The record shows Plaintiff experienced cognitive decline and mild depression beginning in 2002. *See* AR 333. Linda Robb, a licensed mental health counselor, treated Plaintiff from April 2005 until November 2010. AR 915. Ms. Robb submitted a letter wherein she opined Plaintiff's "mood swings, depression and anxiety would have made it unlikely she could have held an employment position requiring regular attendance." *Id.* Ms Robb's opinion shows diagnosed impairments and functional limitations prior to the date last insured, and thus is relevant to the disability determination. *See id.*, AR 17.

Dr. Molly Parker, M.D., who began treating Plaintiff in November of 2012, submitted a letter stating she believed Plaintiff "would not be able to consistently work secondary to [her] mood disturbance, [ ] chronic pain, and [ ] intermittent memory lapses." AR 913. Dr. Parker opined Plaintiff had been suffering from the identified conditions for at least a year prior to her first visit with Dr. Parker based on the history provided by Plaintiff, which indicates the opined limitations were present immediately following the period of disability. *Id.*; *see also* AR 17.

Plaintiff was seen by Dr. Rochelle Winnett, Ph.D. in January of 2013 for a neuropsychological evaluation. AR 887-98. Plaintiff was examined due to reports of mental impairments starting in the early fall of 2011, during Plaintiff's disability period. AR 887. Plaintiff reported "confusion, getting lost both when driving and apparently when using public transportation and walking in Port Townsend, memory difficulties, scrambled grammar when speaking, misplacing items, poor judgment and poor hygiene. The navigation difficulties were leading to anxiety and panic on occasion." *Id.*

1    Dr. Winnett diagnosed Plaintiff with cognitive disorder, mild; major clinical depression,

2  severe, question recurrent; and multiple sclerosis. AR 896. While Plaintiff's test results varied

3  and Dr. Winnett found the validity of some test results questionable, Dr. Winnett opined Plaintiff

4  has mild difficulties with aspects of verbal fluency, very mildly compromised executive

5  functioning, "ostensibly mild to moderate difficulties with retrieval with inconsistent recognition

6  memory," possible difficulties with nonverbal deductive reasoning, and a number of errors in

7  visual attention. AR 896. She also opined Plaintiff has above average visual analog reasoning

8  skills, tested above average on one auditory attention test and satisfactory in visual spatial

9  constructive skills, and has strengths in verbal crystallized intelligence. *Id.* Dr. Winnett found

10   [p]sychologically, both [Plaintiff's] self-report inventory and
     objective personality assessment indicate both a very significant

11   depressive spectrum disorder, high degree of somatic concern,
     likely associated with both pain complaints and somatic concerns

12   that may at times be poorly correlated with known medical
     etiology as well as some suggestion for an underlying personality

13   disturbance. Dissociative episodes may be possible.

14  *Id.*

15    The ALJ found Plaintiff suffered from no more than minimal functional limitations as a

16  result of her mental impairments. *See* AR 20. But, the ALJ failed to reference the findings and

17  opinions of Ms. Robb, Dr. Winnett, and Dr. Parker[1] when determining Plaintiff's depression and

18  cognitive disorder were not severe impairments. *See* AR 20. The Court finds there is medical

19

20    [1] The Court notes the letters from Ms. Robb and Dr. Parker were submitted after the ALJ issued her

21  decision. *See* AR 913, 915. However, the Ninth Circuit has held "when a claimant submits evidence for the
    first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the

22  new evidence is part of the administrative record, which the district court must consider in determining
    whether the Commissioner's decision is supported by substantial evidence." *Brewes v. Comm'r of Soc. Sec.*

23  *Admin.*, 682 F.3d 1157, 1159-60 (9th Cir. 2012). The Appeals Council considered the letters submitted by Ms.
    Robb and Dr. Parker (AR 2, 4); thus, the Court must consider this evidence in determining if the ALJ's opinion

24  is supported by substantial evidence.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 5

1    evidence showing Plaintiff's depression and cognitive disorder were present during the disability

2    period and caused more than a minimal effect on her functional limitations. Accordingly, the

3    Court finds Plaintiff mental impairments are severe and the ALJ erred by finding these

4    impairments "non-severe" at Step Two.

5          "[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674

6    F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the

7    claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v.*

8    *Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674

9    F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific

10   application of judgment" by the reviewing court, based on an examination of the record made

11   "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at

12   1118-1119 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111)).

13   If the ALJ accounts for all Plaintiff's limitations in assessing the residual functional assessment

14   ("RFC"), the Step Two error is harmless. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

15         In determining Plaintiff's RFC, the ALJ referenced Dr. Winnett's evaluation, and

16   determined the 2013 testing did not reflect any significant changes in Plaintiff's cognitive

17   functioning. AR 24. Further, the ALJ stated Plaintiff's cognitive testing immediately after the

18   date last insured showed normal to mild cognitive impairments. AR 24, 388. She also noted

19   Plaintiff's husband reported the most significant cognitive decline in Plaintiff occurred in the two

20   months prior to January 2013, which is outside the date last insured. AR 24. The ALJ's decision

21   shows she accounted for Plaintiff's cognitive functioning when assessing the RFC. Accordingly,

22   the ALJ's error at Step Two regarding Plaintiff's cognitive functioning is harmless. *See e.g.*

23   *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005) (holding the ALJ's failure to find the

24

1  plaintiff's obesity impairment severe at Step Two was harmless error when it was considered in

2  determining the claimant's RFC).

3       However, the ALJ did not discuss Plaintiff's depression when assessing the RFC. As

4  there is no discussion of depression, the Court cannot determine if the ALJ properly considered

5  this limitation during the RFC assessment. Evidence in the record indicates Plaintiff's

6  depression, mood swings, and anxiety would have made it unlikely Plaintiff could have held an

7  employment position requiring regular attendance. AR 913, 915. Had the ALJ properly

8  considered Plaintiff's depression at Step Two, the RFC assessment and hypothetical question

9  posed to the vocational expert, Merrill Cohen, may have included additional limitations. As the

10  ALJ's failure to properly consider Plaintiff's depression at Step Two and throughout the

11  remaining sequential evaluation process affects the ultimate disability decision, it is not

12  harmless.

13       b.   *Back and knee impairments*

14       At Step Two, the ALJ also found "no evidence to suggest that the claimant had any

15  significant limitations in her ability to perform basic work activities as a result of" her back and

16  knee impairments and found these impairments to be not severe. AR 20. The ALJ, however,

17  failed to discuss medical evidence showing functional limitations caused by these two

18  impairments. *See id.*

19       Non-examining state agency physician Dr. Gordon Hale, M.D. found Plaintiff has

20  dysfunction in her major joints and degenerative disc disease. AR 88. He opined Plaintiff has no

21  balancing limitations and can frequently climb stairs or ramps, occasionally stoop, kneel, crouch,

22  and crawl, and never climb ladders, ropes, or scaffolds.  AR 90. Regarding exertional limitations,

23  Dr. Hale found Plaintiff could lift and/or carry 20 pounds occasionally and 10 pounds frequently,

24

1   stand or walk for 2 hours total in an 8 hour day, and sit for a total of about 6 hours in an 8 hour

2   day. AR 89-90. Dr. Hale opined these functional limitations are caused by Plaintiff's multiple

3   sclerosis symptoms, lumbar degenerative disc disease, and bilateral knee osteoarthritis. AR 90.

4   He found the limitations reflected Plaintiff's functional abilities from September 20, 2011

5   through the date of his opinion, and thus the limitations were present during Plaintiff's disability

6   period.  *See* AR 17, 89.

7           Non-examining state agency physician Dr. Dennis Koukol, M.D. opined Plaintiff is

8   limited to occasional balancing, stooping, kneeling, crouching, crawling, and climbing ramps,

9   stairs, ladders, ropes, and scaffolds due to her lumbar degenerative disc disease and bilateral

10  knee osteoarthritis. AR 103-04. Dr. Koukol found Plaintiff has the same exertional limitations as

11  those opined by Dr. Hale. *See* AR 89-90, 103. He also opined Plaintiff's functional limitations

12  were present during her disability period, September 30, 2011. *See* AR 17, 103.

13          The ALJ's findings at Step Two regarding Plaintiff's back and knee impairments are not

14  supported by the record. The ALJ found these impairments not severe because "there is no

15  evidence to suggest that [Plaintiff] had any significant limitations in her ability to perform basic

16  work activities as a result of [her back and knee] impairments." AR 20. The opinions submitted

17  by Drs. Hale and Koukol provide evidence supporting functional limitations impacting Plaintiff's

18  ability to perform basic work activities. Both doctors opined Plaintiff has varying degrees of

19  exertional and postural limitations, which the ALJ failed to consider. As the evidence shows

20  functional limitations, the ALJ erred in determining Plaintiff's back and knee impairments were

21  "non-severe" at Step Two.

22          The ALJ's error is harmless if she accounted for Plaintiff's back and knee impairments

23  when assessing Plaintiff's RFC. *See Lewis*, 498 F.3d at 911.

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 8

1    In determining Plaintiff's RFC, the ALJ did not discuss Plaintiff's back and knee

2    impairments. *See* AR 23. While the ALJ discussed Dr. Koukol's opinion regarding Plaintiff's

3    postural limitations, she did not reference Plaintiff's back and knee impairments and did not

4    provide legally sufficient reasons for rejecting Dr. Koukol's opinion. *See id*. The ALJ gave

5    "[l]ittle to no weight" to Dr. Koukol's opinion regarding Plaintiff's need for postural limitations

6    because the ALJ found "no need for any postural limitations based on the evidence for the time

7    period at issue." *Id*. The ALJ failed to identify the specific evidence contained within the record

8    which conflicts with Dr. Koukol's opinion. Without more, the ALJ has failed to meet the level of

9    specificity required to reject a physician's opinion. Therefore, the ALJ's single, conclusory

10   statement that she finds "no need for any postural limitations based on the evidence for the time

11   period at issue" is insufficient to reject Dr. Koukol's opinion. *See Embrey*, 849 F.2d at 421-22

12   (conclusory reasons do "not achieve the level of specificity" required to justify an ALJ's

13   rejection of an opinion); *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) (an ALJ's

14   rejection of a physician's opinion on the ground that it was contrary to clinical findings in the

15   record was "broad and vague, failing to specify why the ALJ felt the treating physician's opinion

16   was flawed").

17       Further, the ALJ did not discuss the opinion of Dr. Hale.[2] The Commissioner "may not

18   reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-

19   71 (9th Cir. 1995) (*quoting Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (*quoting*

20   *Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))). The "ALJ's written decision must state

21

22       [2] Defendant asserts, without reference to legal authority, Dr. Hale's opinion was abrogated by Dr.
23   Koukol's opinion. Dkt. 21, p. 8. Administrative Law Judges and the Appeals Council "are not bound by the
     findings made by State agency or other program physicians and psychologist, but they may not ignore these
24   opinions and must explain the weight given to the opinions in their decisions." SSR 96-6p. The ALJ cannot
     ignore Dr. Hale's opinion, and the Court is not persuaded by Defendant's argument.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 9

1  reasons for disregarding [such] evidence." *Id.* at 571. Furthermore, an ALJ's failure to discuss a

2  medical opinion is not harmless error. *Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012).

3  According to the Ninth Circuit, when the ALJ ignores significant and probative evidence in the

4  record favorable to a claimant's position, the ALJ "thereby provide[s] an incomplete residual

5  functional capacity determination." *Id.* at 1161. As the ALJ failed to discuss the significant,

6  probative evidence favorable to Plaintiff contained in Dr. Hale's opinion, the RFC was

7  incomplete and the ALJ's error was not harmless.

8         In the RFC, the ALJ determined Plaintiff "can occasionally use a cane for ambulation."

9  AR 21. However, based on the record, this limitation accommodates Plaintiff's need for a cane

10 or crutches due to her dizziness, balance problems, and foot drop, not her back and knee

11 impairments. *See* AR 61.

12        For the above stated reasons, the Court concludes the ALJ failed to properly account for

13 Plaintiff's back and knee impairments when determining the RFC, and therefore the ALJ's

14 failure to properly consider these two impairments at Step Two is harmful legal error.

15  **(2)  Whether the ALJ erred by failing to properly assess Plaintiff's credibility and erred
        by failing to properly consider Plaintiff's RFC and ability to perform past relevant
16      work.**

17        The ALJ's error at Step Two requires remand to the administration to properly consider

18 Plaintiff's severe impairments and to reconsider each of the remaining steps in the administrative

19 process incorporating the additional severe impairments and the work limitations possibly caused

20 by Plaintiff's depression and back and knee conditions. As the ALJ's error at Step Two impacts

21 all aspects of the ALJ's decision, the ALJ is instructed to re-evaluate this entire matter on

22 remand. Thus, it is unnecessary to address the other issues raised in Plaintiff's appeal.

23

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 10

1     **(3) Whether the case should be remanded for an award of benefits.**

2         Plaintiff argues in a conclusory manner this matter should be remanded with a direction

3 to award benefits. *See* Dkt. 13, p. 18. The Court concludes it would be inappropriate to do so

4 because outstanding issues must be resolved by the Commissioner. *See Smolen*, 80 F.3d at 1292.

5                       <u>CONCLUSION</u>

6         Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded

7 Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is REVERSED

8 and this matter is REMANDED for further administrative proceedings in accordance with the

9 findings contained herein.

10         Dated this 6th day of October, 2015.

11

12                           David W. Christel

13                           United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24